**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE WILEY Y. DANIEL**

| | | | |
|---|---|---|---|
| Date: | October 22, 2012 | Probation: | Robert Ford |
| Courtroom Deputy: | Robert R. Keech | Interpreter: | N/A |
| E.C.R./Reporter: | Tammy Hoffschildt | | |

Criminal Case No:  **12-cr-00095-WYD**          <u>Counsel:</u>

UNITED STATES OF AMERICA,                       Ryan T. Bergsieker

       Plaintiff,

v.

**1.  PETER ROBERT JAMES**,                    Edward R. Harris

       Defendant.

**SENTENCING**

**11:07 a.m.**     Court in Session - Defendant present (on-bond)

> **Change of Plea Hearing - Friday, June 8, 2012, at 2:00 p.m.
> Plea of Guilty - Count One of Indictment**

    APPEARANCES OF COUNSEL.

    Court's opening remarks.

11:11 a.m.     Statement on behalf of Government (Mr. Bergsieker).

11:17 a.m.     Statement on behalf of Defendant (Mr. Harris).

11:17 a.m.     Statement by Defendant on his own behalf (Mr. James).

11:23 a.m.     Statement on behalf of Government (Mr. Bergsieker).

| | |
|---|---|
| 11:24 a.m. | Statement on behalf of Defendant (Mr. Harris). |
| | Court **RATIFIES** and **ACCEPTS** plea of guilty. |
| | Court makes findings. |
| **ORDERED:** | Government's Motion for Downward Departure Pursuant to 5K1.1 (ECF Doc. No. 25), filed August 27, 2012, is **GRANTED.** |
| **ORDERED:** | Defendant's Sentencing Memorandum in Support of 180-Month Sentence Either Under the Advisory Guidelines or by Variance (ECF Doc. No. 27), filed August 30, 2012, is **DENIED AS MOOT.** |
| **ORDERED:** | Government's Motion for Decrease for Acceptance of Responsibility (ECF Doc. No. 24), filed August 27, 2012, is **GRANTED.** |
| **ORDERED:** | Defendant be **imprisoned** for **180** months. |
| **ORDERED:** | Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **10** years. |
| **ORDERED:** | **Conditions** of **Supervised Release** are: |

(X) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

(X) Defendant shall not commit another federal, state or local crime.

(X) Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

(X) Defendant shall comply with standard conditions adopted by the Court.

(X) Defendant shall not unlawfully possess a controlled substance.

(X) If the judgment in this case imposes a fine or restitution obligation, it shall be a condition of supervised release that the Defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the judgment.

(X) The Court waives the mandatory drug testing provisions of 18 U.S.C. § 3583(d), because the presentence report indicates a low risk of future substance abuse by the defendant.

    (X)        The defendant shall cooperate in the collection of D.N.A. as directed by the probation officer.

    (X)        The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

**ORDERED:** **Special Condition(s)** of **Supervised Release** are:

    (X)        The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

    (X)        The defendant's use of computers and Internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

    (X)        The defendant shall allow the probation officer to install software/hardware, or other technology as available, designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use. The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer. The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

(X) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the Presentence Report for continuity of treatment.

(X) The defendant shall remain medication compliant and shall take all medications that are prescribed by his treating psychiatrist.  The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officer to ensure that a therapeutic level of his prescribed medications is maintained.

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment) to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED:** Defendant to make **restitution** as follows:

| **Victims** | **Amount** |
|---|---|
| The Ashcroft Law Firm, LLC.<br>Trustee F/B/O Jane Doe<br>Ashcroft Sutton Ratcliffe<br>Attn: John Ratcliffe<br>1700 Pacific, Suite 3600<br>Dallas, Texas  75201 | $2,500.00 |
| Cusack, Gilfillan & O'Day, LLC<br>415 Hampton Boulevard<br>Peoria, Illinois  61602<br>(reference "Cindy Series") | $2,500.00 |

Any unpaid balance shall be paid through the Inmate Financial Responsibility Program and thereafter, in regular monthly payments of at least 10% of the defendant's income until paid in full.  Each victim shall receive 50% of each restitution payment.

| | |
|---|---|
| **ORDERED:** | Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant shall forfeit his interest in the following property to the United States: 1) HP m8000 desktop computer, 2) Phillips computer monitor/television, 3) SimpleTech external hard drive, 4) Logitech webcam, and any other items used in the commission of the offense as requested by the government. |
| **ORDERED:** | Defendant advised of right to appeal the sentence imposed by the Court.  Any notice of appeal must be filed within fourteen (14) days.  Defendant advised of right to appeal in forma pauperis. |
| **ORDERED:** | Government's Motion to Dismiss Counts Two, Three, and Four of the Indictment (ECF Doc. No. 33), filed September 20, 2012, is **GRANTED.** |
| | Order is **APPROVED BY THE COURT.** |
| **ORDERED:** | Bond is **REVOKED** and defendant is **REMANDED** to the custody of the U.S. Marshal. |
| **11:39 a.m.** | Court in Recess - HEARING CONCLUDED. |

**TOTAL TIME:  :32**