IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 12-cr-00095-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PETER ROBERT JAMES,

    Defendant.

---

## ORDER

---

This matter is before the Court on defendant's Motion to Obtain Information From Federal Public Defender [Docket No. 64]. In his motion, defendant requests that the Court order his attorney, Edward R. Harris, "to release and provide Mr. James a copy of Mr. Harris's time records relating to Mr. James's case." *Id.* at 1. Because defendant is proceeding *pro se*, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To support his request, defendant states that "Mr. James is entitled to effective assistance of counsel and should have the right to know what was done on his case by his attorney." *Id.* at 1. Presumably, Mr. James seeks copies of the time sheets to investigate a claim of ineffective assistance of counsel.[1]

---

[1] Defendant has moved to amend his motion to request additional documents that were not provided to him by counsel. Docket No. 72. These additional requests appear to be similarly driven by a desire to establish an ineffective assistance of counsel claim.

Defendant has previously moved for relief under 28 U.S.C. § 2255. *See* Docket Nos. 55, 57; *see also* Docket No. 56 (construing defendant's request for relief under 28 U.S.C. § 2241 as a motion under 28 U.S.C. § 2255). That motion was denied. Docket No. 58. In denying the motion, Senior Judge Wiley Y. Daniel found that defendant had failed to comply with the one-year limitation period under 28 U.S.C. § 2255(f):

> Mr. James' conviction became final in 2012 when the time to file a direct appeal expired. He does not contend that he was prevented by unconstitutional governmental action from filing the § 2255 motion sooner, he is not relying on a newly recognized and retroactive Supreme Court decision, and it is apparent that he could have discovered the facts supporting his claims before his conviction was final. See 28 U.S.C. § 2255(f)(2) - (4). Therefore, the § 2255 motion is time-barred in the absence of some reason to toll the one-year limitation period.

Docket No. 58 at 3. Defendant has not argued that this finding was in error.

Any claim by defendant for ineffective assistance of counsel would be barred by the one-year limitations period of 28 U.S.C. § 2255. Because defendant has not identified the relevance of his request for any other purpose, the Court finds that defendant's request should be denied. Accordingly, it is

**ORDERED** that defendant's Motion to Obtain Information From Federal Public Defender [Docket No. 64] is denied. It is further

**ORDERED** that defendant's Information Request for Status [Docket No. 70], Motion for Status [Docket No. 71], and Motion for Status and Amendment to Motion [Docket No. 72] are denied as moot.

DATED May 19, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge