IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 12-cr-00095-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PETER ROBERT JAMES,

    Defendant.

---

# ORDER

---

This matter is before the Court on defendant's Motion for Reconsideration [Docket No. 74] asking for reconsideration of the Court's order [Docket No. 73] denying defendant's Motion to Obtain Information From Federal Public Defender [Docket No. 64]. In his original motion, defendant requested that the Court order his attorney, Edward R. Harris, "to release and provide Mr. James a copy of Mr. Harris's time records relating to Mr. James's case." Docket No. 64 at 1. On May 19, 2017, the Court denied the motion because the one-year statute of limitations for plaintiff to file a motion under 28 U.S.C. § 2255 for ineffective assistance of counsel had passed and, thus, defendant had not identified the potential relevance of the requested information. Docket No. 73 at 2; *see also* Docket No. 58 at 4 (finding defendant's request for relief under 28 U.S.C. § 2241, construed as a motion under 28 U.S.C. § 2255, was not eligible for equitable tolling because he "fail[ed] to allege any facts to support a credible claim of actual innocence").

On June 7, 2017, defendant filed his motion for reconsideration. Docket No. 74. Defendant claims that in May 2017 his counsel made statements "indicating defendant's conviction was based on uncharged conduct proven to be false by the evidence." *Id*. at 2. Defendant claims to have copies of such correspondence, but does not provide them. *Id*. at 1. Defendant argues that the statements are "new evidence" and that it would be "manifestly unjust" to deny him his counsel's time records because "without [the records], he cannot properly file an appeal within the one year deadline." *Id*. at 2.

A district court may reconsider its prior rulings. *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011). In the Tenth Circuit, a motion for reconsideration in a criminal case must be filed within the time period to file an appeal pursuant to Fed. R. App. P. 4(b), currently 14 days. *United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing. *Id*. (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

In addition to being filed more than 14 days after the Court's order and therefore being untimely, defendant's motion does not provide a reason to reconsider the Court's

prior decision. As the Court found, any claim for ineffective assistance of counsel would be barred by the one-year statute of limitations of 28 U.S.C. § 2255(f). Docket No. 73 at 2. Defendant does not dispute that the one-year deadline has already passed or indicate any basis on which the deadline would not apply.[1] Further, any motion under 28 U.S.C. § 2255 filed by plaintiff would be his second such motion and, therefore, would have to comply with 28 U.S.C. § 2255(h). See Docket No. 57 (defendant's first habeas motion); Docket No. 58 at 1. Defendant does not contend that he has new evidence such that "no reasonable factfinder would have found the movant guilty" or argue that an applicable, retroactive rule of constitutional law has been established by the Supreme Court. 28 U.S.C. §§ 2255(h)(1), (2). Hence, even if defendant's claims are correct, defendant still has not identified any purpose for the information he requests because he has not shown that the information he seeks is relevant to a potentially viable motion or claim. Accordingly, it is

**ORDERED** that defendant's Motion for Reconsideration [Docket No. 74] is **DENIED**.

DATED June 9, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Because defendant is proceeding *pro se*, the Court construes his filings liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).